Steven Fentress BROWN and Patricia
Sue Brown, Appellants,

v̇.

McCABE & PIETZSCH, P.A., Appellees.

Civ. A. No. 494–266.

United States District Court,
S.D. Georgia,
Savannah Division.

Feb. 28, 1995.

Thomas Raymond Bateski, Savannah, GA,
for Steven Fentress Brown and Patricia Sue
Brown.

Mark Bulovic, McCallar & Associates, Savannah, GA, for McCabe & Pietzsch, P.A.

Wiley A. Wasden, III, Chapter 7 Trustee,
Brennan & Wasden, Savannah, GA.

Jack Keith Berry, U.S. Trustee, Savannah,
GA.

Sherwin P. Robin, Robin & Zipperer, Savannah, GA.

### ORDER

EDENFIELD, Chief Judge.

The Browns filed this appeal from an order of Chief Judge Lamar Davis of the United States Bankruptcy Court. Appellees have filed a motion to dismiss, which the Court now grants.

Pursuant to Bankruptcy Rule 8007, the Record on Appeal was docketed with this Court on November 10, 1994, obligating Appellants to file their brief within fifteen days. Bankruptcy Rule 8009(a)(1). Appellants filed their brief on February 3, 1995, more than two months later. They missed the deadline.[1] Although the Court readily grants extensions of time if counsel is faced with a family emergency, here (a) Appellants' counsel never asked the Court for an extension

---

1. The word "deadline" was coined by Union soldiers held at the Andersonville prison camp during the War of Northern Aggression. Confederate guards summarily executed any prisoner crossing a preordained line on the camp grounds; thus, the term "deadline." *See* McKin-

in light of his father's illness,[2] and (b) that unfortunate occurrence cannot account for missing the deadline by nine weeks.

 Normally the Court would end here, but Appellants' response to Appellee's motion to dismiss requires the Court to pursue some necessary clarifications on the subject of inexcusable—as opposed to excusable—delay. *FIRST:* Blaming the United States Postal Service DOES NOT CREATE EXCUSABLE DELAY. *SECOND:* Blaming the lack of resources that plagues many sole practitioners DOES NOT CREATE EXCUSABLE DELAY. *THIRD:* Blaming the flu DOES NOT CREATE EXCUSABLE DELAY. *FOURTH:* Blaming the Court for "extended holiday breaks" DOES NOT CREATE EXCUSABLE DELAY.[3] *FIFTH:* Blaming clients for as of yet only paying "a small portion of the fees incurred in prosecuting this action" DOES NOT CREATE EXCUSABLE DELAY.

The Court sincerely hopes that the above enumerations further guide members of the bar along the path of trouble-free litigation. Appellee's motion to dismiss this appeal is **GRANTED.**

SO ORDERED.

ley Cantor, Andersonville (1955). While the Court does not contemplate as harsh a rejoinder to Appellants' counsel's crossing of this Court's preordained line, it will still be, well, "fatal" to his claim. *See also Burns v. Savannah Airport Comm'n,* CV 493–240 (S.D.Ga. Oct. 21, 1994) (making remarkably similar observations).

**2.** Counsel first asked for leave to file his brief on January 26, 1995, two months after it was due.

The Court hopes it is not unduly troubling anyone by kindly requesting that motions for extensions of time be filed *before* the deadline for filing the materials in question.

**3.** The Court was closed for one weekday during the month of December, 1995: the day after Christmas.